ACCEPTED
01-14-00850-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/13/2015 3:51:10 PM
CHRISTOPHER PRINI
CLERK

No: 01-14-00850-CV

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/13/2015 3:51:10 PM
CHRISTOPHER A. PRINE
Clerk

*In re* **STATE FARM LLOYDS, ANTONE EUGENE JONES, AND GREGORY LATTY**

*Relators*

**From the 152nd Judicial District Court
Harris County, Texas
The Honorable Robert Schaffer, Presiding
Cause No. 2014-40190**

## POST-ARGUMENT SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

**Dale M. "Rett" Holidy**
State Bar No. 00792937
**GERMER PLLC**
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**Counsel for Relators,
State Farm Lloyds, Antone Eugene Jones,
and Gregory Latty**

**Oral Argument Requested**

# TABLE OF CONTENTS

**Page**

I.    RULES OF STATUTORY CONSTRUCTION PROMULGATED BY THE LEGISLATURE CONTRADICT PLAINTIFFS' PRIMARY CONSTRUCTION ARGUMENT ............1

II.    RELATORS ARE ENTITLED TO MANDAMUS RELIEF REGARDLESS OF THE TRIAL COURT'S BASIS FOR DENYING THEIR PLEA IN ABATEMENT ......................................2

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re B.T.,*
323 S.W.3d 158 (Tex. 2010)................................................................................2

*Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.,*
No. 5:05-cv-00433-XR, 2005 WL 1586994 (W.D. Tex. June 30, 2005).............4

*Dreyfuss & Son v. Benson,*
239 S.W. 347 (Tex. Civ. App.—Dallas 1922, *writ refused*) ..............................3

*Grocers Supply, Inc. v. Cabello,*
390 S.W.3d 707 (Tex. App.—Dallas 2012) ...................................................... 1, 2

*HOW Ins. Co. v. Patriot Fin. Servs.,*
786 S.W.2d 533 (Tex. App.—Austin 1990, writ denied)....................................4

*Huff Energy Fund, L.P. v. Longview Energy Co.,*
__ S.W.3d __, 2014 WL 661710 (Tex. App.—San Antonio Feb. 12, 2014).. 1, 2

*Leon v. Allstate Texas Lloyd's, CIV.A. H-10-3574,*
2011 WL 2193365 (S.D. Tex. June 6, 2011)........................................................4

*Ridgway v. City of Fort Worth,*
243 S.W. 740 (Tex. Civ. App.—Fort Worth 1922, *writ dismissed*)................. 2, 3

## Rules and Regulations

Texas Insurance Code § 154.541(c) .......................................................................2

Texas Insurance Code § 541.154 ....................................................................... 1, 2

Texas Insurance Code § 541.154(b) .......................................................................2

Texas Insurance Code § 541.154(c) ..................................................................... 3, 4

Texas Insurance Code § 541.155(b) .......................................................................3

Tex. Gov't Code § 311.012 .....................................................................................1

Relators respectfully submit this post-argument brief in support of their Petition for Writ of Mandamus in order to address two issues raised by the Court during oral argument.

## I. RULES OF STATUTORY CONSTRUCTION PROMULGATED BY THE LEGISLATURE CONTRADICT PLAINTIFFS' PRIMARY CONSTRUCTION ARGUMENT

Plaintiffs make much of the fact that the Legislature used the word "amount" as opposed to the plural form, "amounts," to support their argument that § 541.154 only requires that notices include a lump sum statement of damages and attorneys' fees. This argument, however, ignores the rules of statutory construction promulgated by the Legislature, which provide unambiguously that"[t]he singular includes the plural and the plural includes the singular." Tex. Gov't Code § 311.012. Indeed, Texas courts regularly find that "such number-specific references in codes are not dispositive." *Huff Energy Fund, L.P. v. Longview Energy Co.*, __ S.W.3d __, No. 04-12-00630-CV, 2014 WL 661710, at *4 (Tex. App.—San Antonio Feb. 12, 2014) (holding that the use of "judgment debtor in the singular" did not preclude the interpretation that the maximum amount of judgment security applied jointly to several judgment debtors). Courts have applied this rule of statutory construction and found that a word used in the singular form can still mean the plural even where, just as here, other provisions in the statute specifically use the plural form. *See Grocers Supply, Inc. v. Cabello*, 390 S.W.3d 707, 732

1

(Tex. App.—Dallas 2012) ("That rule 167 refers to a singular party in some instances does not mean that multiple parties were not considered by the rules. . . ."). Therefore, just as in *Huff Energy Fund* and *Grocers Supply*, the use of the word "amount" in the singular here should not preclude a finding that § 541.154 requires Plaintiffs to segregate their damages from their attorneys' fees in their pre-suit notices.

## II. RELATORS ARE ENTITLED TO MANDAMUS RELIEF REGARDLESS OF THE TRIAL COURT'S BASIS FOR DENYING THEIR PLEA IN ABATEMENT

The fact that the Trial Court did not specify in its Order whether it denied Relators' Plea in Abatement because it found notice impracticable under § 154.541(c) or because it found the Plaintiffs' July 14, 2014 notice letter sufficient under § 541.154(b) has no bearing on Relators' right to mandamus relief. Mandamus is proper whenever a trial court's decision amounts to "a clear failure . . . to analyze or apply the law correctly" and there is "no adequate remedy by appeal." *In re B.T.*, 323 S.W.3d 158, 160 (Tex. 2010). If the Trial Court's denial of Relators' Plea in Abatement would amount to an incorrect application of the law under both theories, Relators' Petition must be granted. In fact, Relators already bear the burden to anticipate and answer any potential objection to their Petition, regardless of the basis for the decision in the court below. *Ridgway v. City of Fort Worth*, 243 S.W. 740, 750 (Tex. Civ. App.—Fort Worth 1922, *writ*

2

*dismissed*) ("[T]he applicant for a writ of mandamus, as in cases of injunction, must anticipate and answer every objection which may be urged against the application . . . ."). Furthermore, the Trial Court is only required to make a finding under § 541.155(b) if it grants an abatement, not if it denies the plea in abatement, as is the case here. Texas Insurance Code § 541.155(b). The lack of a finding by the Trial Court has no impact on Relators' right to seek review of the denial of their Plea in Abatement. Relators right to mandamus is therefore entirely unrelated to whether or not the underlying court issued a reasoned opinion or, as is the case here, merely issued a minute line order.

It would be particularly inappropriate to deny Relators' Petition on the grounds that the trial court may have found notice impracticable under § 541.154(c) here, where the Plaintiffs, not the Relators, bear the burden of proof on that issue. The burden to anticipate and answer any potential objection "is one of pleading, and not one relating to the proofs required upon the part of an applicant for mandamus." *Ridgway*, 243 S.W. at 750-52. Where a party bears the burden of proof on an issue in the underlying court, they also bear that burden on a petition for a writ of mandamus, even though the relator bears the burden of anticipating that objection and affirmatively denying it. *Id.* (holding that relator met this burden by generally pleading his fitness for office and that the burden of proving his unfitness was on the respondents); *Dreyfuss & Son v. Benson*, 239

3

S.W. 347, 349 (Tex. Civ. App.—Dallas 1922, *writ refused*) (holding that it is a stockholder's burden to plead good faith intent in seeking to inspect a corporation's books on a petition for a writ of mandamus and the corporation's burden to prove bad faith). Here Plaintiffs bore the burden of pleading and proving the applicability of § 541.154(c) in the trial court. *Leon v. Allstate Texas Lloyd's,* CIV.A. H-10-3574, 2011 WL 2193365, at *2 (S.D. Tex. June 6, 2011); *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.,* No. 5:05-cv-00433-XR, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *HOW Ins. Co. v. Patriot Fin. Servs.,* 786 S.W.2d 533, 538 (Tex. App.—Austin 1990, writ denied)). And while Relators anticipated and addressed this objection extensively in their Petition, (*see* Petition at § II.B.2), Plaintiffs did not even mention this issue once in their briefing before this Court.

Further, it is undisputed that, in this case, plaintiffs did attempt to provide notice, but the notice they provided was inadequate. On the same date that suit was filed, Plaintiffs sent Relators a letter described as "Confidential Settlement Negotiations Offer to Compromise Pursuant to Tex. R. Evid. 408." For the reasons stated in Relators' Petition, this letter was deficient due to Plaintiffs' failure to segregate damages and attorneys' fees. Regardless of the timeliness of Plaintiffs' letter, the sufficiency of their notice is ripe for decision by this Court.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR RELATORS,
STATE FARM LLOYDS, ANTONE
EUGENE JONES, AND GREGORY
LATTY**

5

# CERTIFICATION

STATE OF TEXAS     §
                      §

COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this date personally appeared **Dale M. "Rett" Holidy**, who, being by me duly sworn, deposed as follows:

"My name is Dale M. "Rett" Holidy. I have personal knowledge of the facts stated herein, and they are true and correct. I am the attorney for Relators. I have read the above and foregoing Post-Argument Supplemental Brief in Support of Petition for Writ of Mandamus and the factual statements contained therein are supported by competent evidence included in the Appendix or record."

**Dale M. "Rett" Holidy**

SWORN TO SUBSCRIBED on this the ___13th___ day of ___February___ _____, 2015, to certify which, witness my hand and official seal.

Notary Public, State of Texas

ERIKA N. LOPEZ
Notary Public, State of Texas
My Commission Expires
February 15, 2016

6

## CERTIFICATE OF COMPLIANCE (WORD COUNT)

The undersigned certifies that in compliance with Tex. R. App. P. 9.4(e), this Response has been prepared using conventional typeface no smaller than 14-point for text and 12-point for footnotes, and contains 994 words (excluding any parts exempted by Tex. R. App. P. 9.4(i)(1)).

Dale M. "Rett" Holidy

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via hand delivery, USPS, CMRRR, electronic service, and/or facsimile on this the 13th day of February, 2015.

J. Steve Mostyn
The Mostyn Law Firm
3810 West Alabama 77027
Houston, Texas 77027
(713) 861-6616 – Telephone
(713) 861-8084 – Facsimile

Jennifer Bruch Hogan
Richard P. Hogan
Hogan & Hogan
909 Fannin, Suite 2700
Houston, Texas 77010
(713) 222-8800 – Telephone
(713) 222-8810 – Facsimile

**DALE M. "RETT" HOLIDY**